JEROME UHL, Respondent, v. JAMES GAYLEY and CHARLES A. HENDERSON, Appellants.

First Department, February 21, 1918.

Pleading — action founded on breach of contract cannot be sustained as action in tort — evidentiary matter contained in pleading not considered on demurrer — complaint stating cause of action for breach of contract.

Where a complaint, when stripped of improper allegations of matters which are evidentiary, is plainly intended to be based upon the breach of an express contract, it is error for the court to sustain the complaint on demurrer as one in tort based upon a breach of duty by the defendants as trustees.

Complaint containing evidentiary matter improperly pleaded analyzed, and *held*, to state a cause of action for breach of contract and that a demurrer thereto should be overruled.

APPEAL by the defendants, James Gayley and another, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 9th day of November, 1917, overruling demurrers to the amended complaint and denying defendants' motion for a judgment on the pleadings.

*Henry B. Gayley*, for the appellants.

*William S. Haskell* of counsel [*Henderson Peck* with him on the brief; *William S. Haskell*, attorney], for the respondent.

SHEARN, J.:

The question is whether the complaint states a cause of action. The action is plainly intended to be based upon the breach of an express contract. As a result of pursuing the bad practice of attempting to plead all of the evidence in the case, the cause of action has been so obscured and complicated that the learned justice at Special Term, in an endeavor to give the plaintiff the benefit of all of the inferences to which he is entitled on demurrer, concluded that the complaint might be sustained as one in tort, based upon the breach of duty by the defendants as trustees. That was not the theory of the action, and there was no legal warrant for transforming the action from one on contract to one in tort. In an action for breach of an express contract, the sufficiency of the complaint must be determined as in an action on contract and not as if the cause of action were in tort. If there were anything left of the science of pleading, this complaint would be promptly held to be insufficient. Apparently, however, it is the duty of the court to endeavor to sift out from the maze of evidentiary matter sufficient allegations of fact to constitute a cause of action. Dealing with the complaint in this spirit, eliminating unnecessary allegations, and giving the pleader the benefit of inferences properly to be drawn in his favor, we find that it has been substantially alleged: That between December, 1908, and April 12, 1909, the defendants entered into an agreement with one Alden B. Starr, whereby the defendants agreed to purchase and Starr agreed to sell certain patents and patent rights for the sum of $20,000 par value in fully paid nonassessable capital stock of a corporation called Single Service Package Corporation of America, duly organized under the laws of the State of New Jersey; that on or about April 12, 1909, said Starr in pursuance of said agreement, at the request of the defendants, assigned and transferred to said corporation all his right, title and interest in and to the aforesaid patents and patent rights, and thereafter, prior to January 1, 1912, the defendants, although said stock was at all times either in their possession or under their control, failed and refused to deliver the same to the said Starr, although delivery thereof was duly demanded, to the damage of said Starr in

the sum of $14,800; that prior to the commencement of this action said Starr, for a valuable consideration, duly assigned and transferred to the plaintiff his cause of action for the aforesaid breach of contract.  •

These allegations are somewhat concealed in unnecessary verbiage, but, when thus stated, it must be apparent that they constitute a cause of action.

All of the complicated allegations in the complaint to the effect that the defendants and one Turner were trustees of a syndicate and that the defendant Henderson executed an assignment of stock to Starr, and that two of the directors signed an acknowledgment that they held the stock for Starr and agreed to issue it to him when they distributed the stock of the corporation as trustees, and the like, are purely evidentiary and were doubtless merely calculated to show that the defendants were able to deliver the stock.  It is as a result of the presence of these unnecessary statements of evidence that the defendants have been able to build up a forceful argument that the suit is against the defendants as trustees, under a void executory contract made by two of three trustees, and that, therefore, no cause of action is stated. Nevertheless, as indicated above, there can be sifted out a plain cause of action against the defendants for breach of their joint contract, and for this reason the order should be affirmed, with ten dollars costs and disbursements, with leave to each defendant to withdraw the demurrers and to answer on payment of said costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, with leave to each defendant to withdraw demurrer and to answer on payment of costs.